[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-10575
Non-Argument Calendar
_____

D.C. Docket No. 8:11-cr-00554-VMC-EAJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEAN TALIUS RICHARDSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 9, 2013)

Before HULL, PRYOR and JORDAN, Circuit Judges.

PER CURIAM:

Jean Talius Richardson appeals his sentence of 27 months of imprisonment

following his pleas of guilty to possessing with intent to distribute MDMA, 21

U.S.C. § 841(a)(1), (b)(1)(C), and possessing with intent to distribute marijuana,

id. § 841(a)(1), (b)(1)(D).  Richardson argues that the district court erred by imposing a sentence that ran consecutive to, instead of concurrent with, an undischarged sentence imposed by a state court for Richardson's participation in a conspiracy to traffic MDMA.  See United States Sentencing Guidelines Manual § 5G1.3(c) (Nov. 2012).  Richardson also argues that his sentence is unreasonable. We affirm.

On March 25, 2011, Richardson pleaded guilty to possessing marijuana and possessing drug paraphernalia, and a Florida court sentenced him to two concurrent terms of 12 months of probation.  On June 10, 2011, Richardson received four concurrent sentences of 24 months of probation following his pleas of guilty to possessing with intent to sell marijuana; possessing drug paraphernalia; possessing a structure used for trafficking, selling or manufacturing controlled substances; and driving with a suspended license.

On June 24, 2011, officers with the Sheriff's Office of Polk County acted on a tip received from a confidential informant and discovered MDMA and marijuana in Richardson's home.  The officers found the drugs inside a bucket concealed in Richardson's attic.  The bucket contained approximately 313 grams of marijuana, 47 MDMA pills, two digital scales, and plastic bags.  Richardson claimed the drugs and told officers that his wife was not involved with the illegal substances.

2

Richardson was charged for five offenses related to the possession and trafficking of illegal substances, but a prosecutor later nol prossed those charges.

While Richardson was incarcerated in the Polk County Jail for his June 24 offenses, officers learned that Richardson's wife was selling marijuana and MDMA. Between August and early October 2011, officers monitored Richardson's telephone calls from jail to his wife in which they discussed selling the illegal substances. During that period, undercover officers purchased marijuana and more than 190 pills containing MDMA from Richardson's wife and his sister.

Richardson, his wife, and his sister were convicted in a Florida court for crimes related to their conspiracy. Richardson entered pleas of guilty to one count of conspiring to traffic in MDMA, three counts of trafficking in MDMA, and one count of unlawfully using a two-way communications device, and he received a sentence of five years of imprisonment. The Florida court also revoked Richardson's terms of probation that he had received in March and June; sentenced him to time served in the March case; and imposed a five-year sentence in the June 10 case to run concurrently with the five-year sentence imposed for his participation in the conspiracy. Richardson's wife pleaded guilty to eight drug offenses and received a sentence of 18 months of imprisonment. Richardson's

sister pleaded guilty to one drug offense and received a sentence of one year and one day of imprisonment.

In the meantime, federal agents arrested Richardson for his possession of drugs on June 24. On October 26, 2011, a federal grand jury indicted Richardson for possessing with intent to distribute both MDMA and marijuana. 21 U.S.C. § 841(a)(1), (b)(1)(C), (b)(1)(D). Four days later, Richardson pleaded guilty to both offenses.

Richardson's presentence investigation report provided an advisory guideline range between 30 and 37 months based on his adjusted offense level of 12 and his criminal history of VI. The report described Richardson's adult criminal history, which had progressed from traffic offenses to drug-related crimes. The report provided that Richardson did not qualify to have his federal sentence run concurrent with his state sentence under section 5G1.3(b) and that Richardson had to be sentenced under section 5G1.3(c), which provided the district court discretion to run his sentence "concurrently, partially concurrently, or consecutively to" his state sentence. See U.S.S.G. § 5G1.3(c). The report recommended that Richardson's federal and state sentences run consecutively because of the "facts of [his] case, [his] prior record, and his ongoing criminal conduct." See id. The report also provided that Richardson faced maximum

4

statutory sentences of 20 years for his MDMA offense and 5 years for his marijuana offense.

The district court adopted, without objection, the factual statements and sentencing calculations in the presentence investigation report. Richardson argued that the offenses prosecuted in the state and federal courts stemmed from the "same conspiracy to possess with the intent to distribute" and required a concurrent sentence under section 5G1.3(b); a consecutive sentence would result in an unwarranted sentencing disparity with the punishment imposed on his wife and his sister; and the small amount of drugs involved in his federal charges warranted a concurrent sentence. The prosecutor argued that Richardson had to be sentenced under section 5G1.3(c) because his state and federal offenses involved "different occurrences"; Richardson would not be classified as a career offender because he was not being prosecuted for his possession offenses in the state court; and Richardson's offenses warranted a sentence at the low end of the guideline range to run consecutively to his undischarged state sentence.

The district court sentenced Richardson under section 5G1.3(c). "After considering the Advisory Sentencing Guidelines, and all of the factors identified in Title 18, United States Code, Section 3553(a)(1) through (7)," the district court sentenced Richardson to two concurrent terms of 27 months of imprisonment to run consecutively to the five-year sentence that he was serving for his state

offenses.    The district court explained that it "gave [Richardson] a break" by varying below the low end of the guidelines range and by ordering that his federal sentences run concurrently instead of consecutively, but "it was more appropriate" to order Richardson to serve his federal and state sentences consecutively to account for his "separate violations" of the law.  The district court also explained that it "knock[ed] . . . three months . . . off" to be "fair[] . . . [and] punish[] [Richardson] somewhat similarly to . . . [his] wife and sister" and to allow him, a 27-year-old who had accumulated a "substantial criminal history," to obtain vocational training that would "help [him] have a better life" and avoid "spend[ing] the rest of [his] life going in and out of prison."

Richardson's argument that the district court was required to run his sentence concurrent with his state sentence under section 5G1.3(b) fails.  The offenses for which Richardson was punished in state court did not serve as "the basis for an increase in the offense level for [his federal] offense[s]" or qualify as "relevant conduct to" his federal offenses.  See U.S.S.G. § 5G1.3(b).  Richardson's advisory guideline range was based solely on the MDMA and marijuana that officers discovered in his home in June 2011 and did not account for the large quantity of MDMA that he conspired to traffic with his wife and sister between August and October 2011.  See United States v. Bidwell, 393 F.3d 1206, 1210 (11th Cir. 2004).  And Richardson's possession offenses "were [not] part of the

same course of conduct" that resulted in his convictions for conspiracy and trafficking. See U.S.S.G. § 1B1.3(a)(2). Richardson admittedly acted alone in possessing the marijuana and MDMA in June 2011, and he later entered the conspiracy with his wife and sister to traffic illegal substances. See Bidwell, 393 F.3d at 1211. In contrast with United States v. Fuentes, 107 F.3d 1515 (11th Cir. 1997), Richardson's federal and state offenses occurred at different times, involved different actors, and were accomplished through different schemes. See Bidwell, 393 F.3d at 1210–11. The district court did not err by sentencing Richardson under section 5G1.3(c) instead of section 5G1.3(b).

The district court did not abuse its discretion when it determined that it would best "achieve a reasonable punishment" by running Richardson's 27-month sentence consecutively to the five-year sentence he was serving for his state offenses. See U.S.S.G. § 5G1.3(c). The district court reasonably determined that a sentence to a consecutive term of imprisonment was required to punish Richardson for possessing illegal substances while on probation for other drug offenses, to account for the escalating seriousness of his crimes and his brazen disregard for the law, to deter him from and protect the public against future similar crimes, and to provide him with vocational training. See 18 U.S.C. § 3553(a). Richardson argues that there is an unwarranted disparity between his punishment and that imposed on his wife and his sister, but his wife and sister were convicted of fewer and less

7

serious crimes than Richardson. See United States v. Docampo, 573 F.3d 1091, 1101–02 (11th Cir. 2009). And the district court accounted for the lesser punishment imposed on Richardson's wife and sister by departing downward to impose a sentence that was three months below the low end of his advisory guideline range. See U.S.S.G. § 5G1.3 cmt. n.3(E). Richardson's sentence, which is significantly less than the maximum statutory sentence that he faced, is reasonable. See United States v. Thomas, 446 F.3d 1348, 1358 (11th Cir. 2006).

We **AFFIRM** Richardson's sentence.